SQUIER v. KEARNEY et al.

(*Supreme Court, General Term, First Department.* June 19, 1888.)

INJUNCTION—AGAINST JUDGMENT.

In a suit to enjoin defendants from enforcing certain judgments against plaintiff, on the ground that they obtained the information necessary to enable them to enforce the judgments while he was their client, a judgment for defendants will be affirmed, where the trial court finds as a fact that such information was not furnished while the relation of attorney and client existed, and the evidence is adequate to support the finding.

Appeal from special term, city and county of New York; ANDREWS, Justice.

Action by Albert Clark Squier against James Kearney, William Stainton, and Philip L. Reeves, to prevent the enforcement of certain judgments. On a trial to the court there was judgment for defendants, and plaintiff appeals.

Argued before VAN BRUNT, P. J., and MACCOMBER and BARTLETT, JJ.

*Alexander Thain,* for appellant. *Roscoe H. Channing,* for respondent Kearney. *Wm. Stainton,* for respondents Stainton and Reeves.

PER CURIAM. In this action the plaintiff sought to enjoin the defendants from enforcing, or aiding to enforce, certain judgments against the plaintiff, on the ground that they had obtained the information which would enable them to enforce the same from the plaintiff when he was their client, or when they occupied a confidential relation towards him in the transaction of his law business. It is unnecessary to discuss the legal propositions upon which the plaintiff relies, for the reason that the trial judge has found against him upon the main questions of fact in the case, and the findings in this respect are adequately supported by the evidence. They expressly negative the claim that the plaintiff gave any information concerning the judgments in question to the defendant Kearney, as his client, or the client of the firm to which he belonged; or that the plaintiff ever made any confidential or privileged communication to the defendant Stainton, or any communication to the defendant Reeves, except an instruction to make an offer to settle a particular judgment, which offer was made by said defendant, and was the only business he did in behalf of the plaintiff. There being quite proof enough to justify these conclusions of fact, the judgment in favor of the defendants must be affirmed. Judgment affirmed, with costs.